UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER CAMELIO,

                                Plaintiff,

                                                                 <u>DECISION AND ORDER</u>

                                                                  13-CV-6034L

            v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
INTERNATIONAL BROTHERHOOD OF TEAMSTERS-
 LOCAL UNION NO. 118,
WEGMANS FOOD MARKETS, INC.,

                                Defendants.
_____

       Plaintiff Christopher Camelio ("Camelio"), is an employee of Wegmans Food Markets ("Wegmans") and a member of the International Brotherhood of Teamsters (the "International"), a labor organization, and its local chapter, International Brotherhood of Teamsters – Local Union No. 118  (the "Local").  Camelio brings the instant case against Wegmans, the International and the Local, alleging that the International and the Local failed to provide him with fair representation, and that Wegmans and the International and/or Local engaged in collusion, violated a collective bargaining agreement and improperly exchanged a thing of value in violation of Sections 301 and 302 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. §186.

       The Local (Dkt. #14) and International (Dkt. #12) (collectively "the union defendants") each moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim, after which Camelio filed an amended complaint.  All three defendants now move to

dismiss the amended complaint (Dkt. #31, #32, #38). For the reasons that follow, the defendants' motions to dismiss are granted, and the amended complaint is dismissed.

## FACTUAL BACKGROUND

Familiarity with the lengthy and intricate factual history recited by plaintiff in the amended complaint, and summarized here, is presumed. Plaintiff, a Wegmans employee, is a member and steward of the Local (itself an affiliate of the International). Plaintiff's allegations primarily concern conduct by Local member and former Secretary-Treasurer for the Local, Christopher Toole ("Toole"). Toole was removed from office in or about April 2012, when the International was notified of internal conflicts within the Local's leadership which were hampering its operation, placed the Local in trusteeship, removed all of its officers and appointed Ed Keyser to serve as trustee and John Schmitt ("Schmitt") as assistant trustee.

Plaintiff's amended complaint alleges that the defendants violated the duty of fair representation in two ways: (1) Toole, while employed as a business agent for the Local – albeit while unauthorized to negotiate with Wegmans – shared unspecified information concerning the Local's strategies concerning grievances and/or collective bargaining, with Wegmans labor relations representative Trish Vantucci ("Vantucci"); and (2) when made aware that Toole was accused of such conduct, assistant trustee Schmitt failed to adequately investigate Toole's activities or take action against him. Plaintiff also alleges that Wegmans and the Local violated LMRA Section 301 by engaging in collusion and a violation of the collective bargaining agreement, and that Wegmans and the union defendants violated LMRA Section 302 by exchanging a "thing of value."

**DISCUSSION**

I. **Standard on a Motion to Dismiss Under Fed. R. Civ. Proc. 12(b)(6)**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

II. **Breach of the Duty of Fair Representation**

Plaintiff alleges that the union defendants violated the duty of fair representation when Toole, acting as "agent" for the Local, shared confidential information with Wegmans (via Vantucci).[1]

It is well settled that a union breaches the duty of fair representation when it acts towards a member in a manner that is, "arbitrary, discriminatory, or in bad faith" and results in harm to members. *Vaca v. Sipes*, 36 U.S. 171, 190 (1967).

Initially, even assuming *arguendo* that plaintiff correctly surmised from Vantucci's allegedly "suspicious" level of knowledge of internal union matters that a Local insider had shared union information with her, plaintiff's factual allegations fail to plausibly suggest that the source of that information was Toole, and not some other Local member or employee.

---

[1] Although plaintiff describes a number of Toole's other actions in negative terms, including Toole's promotion of a trusteeship, filing of internal charges against DeLorme and other efforts apparently aimed at unseating DeLorme and electing a new and different slate of officers, including Toole himself, there is no indication that any of Toole's elections-related conduct or speech violated the Local's rules and policies, or was otherwise harmful to Local members in a manner that would support a breach of the duty of fair representation claim. To the extent that Toole was charged with misusing a Local credit card, subjected to internal disciplinary hearings and fined for failure to maintain accurate records, plaintiff makes no plausible claim that the Local's disposition of the charges against Toole was arbitrary, discriminatory or in bad faith.

Moreover, even assuming *arguendo* that Toole was the source of Vantucci's inside information, plaintiff has failed to plausibly state that Toole was acting as the Local's agent when he communicated with Vantucci, or that his actions can otherwise be attributed to the union defendants.

Regardless of Toole's experience as a representative of Wegmans employees who were Local members some years prior, the parties agree that at the time plaintiff alleges Toole was sharing confidential information with Vantucci, Toole was no longer authorized by the Local to bargain with Wegmans on its behalf, and that Wegmans was aware of Toole's lack of authority. Indeed, plaintiff apparently believes that Toole's motive for sharing confidential information was to gain some advantageous posture viz a viz Wegmans, with regard to his potential future advancement within the Local. (Plaintiff does not explain precisely how such an advantage would have manifested itself.) The fact that Toole is alleged to have done so for the point and purpose of undermining the Local's then-leaders further distances from the realm of plausibility plaintiff's claim that the union defendants would have implicitly authorized, condoned or otherwise adopted Toole's actions in a manner that would render them liable for his conduct.

To the extent plaintiff alleges that the union defendants must have been aware of Toole's activities and encouraged, failed to adequately investigate and/or failed to stop them in a manner that was arbitrary, discriminatory or in bad faith, plaintiff has alleged no facts that would render such a conclusion plausible. Although plaintiff contends that Schmitt's investigation into the collusion charge was inadequate because Schmitt was unwise to accept Toole's and Vantucci's explanations for their conduct at face value, plaintiff fails to allege facts that would support a finding that in so doing, the defendants acted in a manner that was arbitrary, discriminatory or in bad faith. "Bad faith" requires a showing that an act was "fraudulent, deceitful or dishonest." *White v. White Rose Food*, 237 F.3d 174, 179 (2d Cir. 2001). Discrimination demands a desire

to act or retaliate based on impermissible classifications, and arbitrariness refers to actions "so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neil*, 499 U.S. 65, 67 (1991).  In contrast, "[m]ere negligence . . . is not enough to constitute a breach of [the] duty [of fair representation]." *Tompkins v. Local 32BJ, SEIU*, 2012 U.S. Dist. Lexis 54018 at *30 (S.D.N.Y. 2012), *quoting Pilchman v. Am. Fed. of State, County and Mun. Emps.*, 2011 U.S. Dist. LEXIS 111538 (S.D..Y. 2011).

Plaintiff makes no factual allegation that Schmitt's investigation of the collusion allegation against Toole was not candidly, openly and accurately reported to the plaintiff, or that Schmitt's conclusion that Toole's and Vantucci's versions of events were credible was anything but insincere.  Even assuming the truth of plaintiff's allegations that Schmitt's decision to trust Toole and Vantucci was foolhardy and that a more extensive investigation would have yielded evidence of rank collusion, there is no plausible suggestion that Schmitt (or, more generally, the union defendants) conducted the investigation in a manner that was anything more than merely negligent, let alone so deficient and misguided as to be fraudulent, deceitful, dishonest, discriminatory or arbitrary.

More importantly, with regard to all of plaintiff's asserted grounds for a breach of the duty of fair representation claim, plaintiff has failed to plausibly allege that plaintiff or other Local members were subjected to actual, measurable harm as a result of the actions of any defendants.  A violation of the duty of fair representation cannot be found unless there is "a causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *Spellacy v. Air Line Pilots Ass'n Int'l*, 156 F.3d 120, 126 (2d Cir. 1998).  Plaintiff fails to allege precisely how he has been damaged by any of the defendants' actions.  While plaintiff speculates that Toole's alleged sharing of information and the Local's failure to adequately investigate that conduct *might have* resulted in a less favorable collective bargaining agreement between

Wegmans and the Local because Wegmans could exploit the unidentified "inside information" that was shared in conducting negotiations, plaintiff offers no facts to render that conclusion plausible: ultimately, collective bargaining agreement negotiations ended in a new agreement with which both sides were satisfied.  Plaintiff identifies no aspects of that agreement which are unfavorable to Local members in general or to him in particular, and asserts no factual basis by which a reasonable finder of fact could conclude that the agreement was affected in any way by any confidential union information that Wegmans might have possessed, or that plaintiff or other Local members were harmed by the alleged exchange of information between Toole and Vantucci.

Plaintiff's breach of fair representation claim is accordingly dismissed.

**III.    LRMA Section 301 Claim**

In order to state a Section 301 "hybrid" claim, a plaintiff must plausibly assert that: (1) the union breached its duty of fair representation; and (2) the employer violated the applicable collective bargaining agreement.  *See e.g., Jones v. SEIU Local 1199*, 2009 U.S. Dist. LEXIS 119035 at *16 (W.D.N.Y. 2009).  Failure to adequately plead and prove both elements means that a hybrid claim cannot succeed.  *See e.g.*, *Nicholls v. Brookdale Hosp. and Med. Ctr.*, 204 Fed. Appx. 40, 42 (2d Cir. 2006) (summary order).

Initially, the parties disagree concerning whether plaintiff was required to fully exhaust the collective bargaining agreement's grievance and arbitration procedures prior to bringing a federal lawsuit.  *See generally Vaca*, 386 U.S. 171 at 184.  Because exhaustion is not required when the union is alleged to have breached its duty of fair representation with respect to grievance or arbitration procedures, *see DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151,

163-64 (1983), the Court assumes *arguendo* that plaintiff's contention that the union defendants mishandled his grievance against Toole are sufficient to excuse his failure to exhaust.

Nonetheless, as discussed above, plaintiff has failed to plausibly allege, in the first instance, that the union defendants breached their duty of fair representation.  Furthermore, plaintiff also fails to plausibly allege that Wegmans violated any portion of the applicable collective bargaining agreement.  Plaintiff does point to the agreement's union recognition clause, which requires Wegmans to recognize the Local as the sole collective bargaining agent for member employees, and contends that Wegmans violated the collective bargaining agreement by engaging with Toole through Vantucci, because Wegmans knew that Toole was "unauthorized" to represent the union defendants.  In so arguing, plaintiff contradicts his prior factual allegations, made in connection with the first element of the hybrid claim, that Toole's conduct was, in fact, authorized or ratified by the union defendants, such that his conduct can be imputed to them.  While pleading in the alternative is permissible, in the case of plaintiff's purported hybrid/Section 301 claim, plaintiff's factual allegations in support of the second component – violation of the collective bargaining agreement by Wegmans – contradict and wholly defeat his factual allegations in support of the first component – breach of the duty of fair representation claim by the union defendants, and vice versa.  As such, plaintiff's factual allegations fail to plausibly suggest that the union defendants could have breached their duty of fair representation by engaging in collusion with Wegmans through Toole (on the alleged basis that Toole's communications with Vantucci were authorized or permitted by the union defendants), and/or that Wegmans simultaneously breached the collective bargaining agreement by "negotiating" with Toole (on the alleged basis that Toole's communications with Vantucci were *not* authorized or permitted by the union defendants).  Such conclusory and contradictory allegations simply cannot usher plaintiff's Section 301 across the threshold of plausibility.

Furthermore, plaintiff has again failed to plausibly allege that he suffered any harm as a result of any alleged violation of the collective bargaining agreement. Even if Toole communicated to Wegmans the matters that plaintiff speculatively alleges he might have discussed with Vantucci – the Local's bargaining position concerning grievance processing and collective bargaining agreement negotiations – plaintiff has failed to plausibly allege that union members' bargaining position was actually compromised as a result.

### IV. LRMA Section 302 Claim

Plaintiff also claims that Wegmans and the union defendants violated LRMA Section 302, which restricts certain financial transactions between employers and unions by making it unlawful for an employer or its agent to "pay, lend or deliver . . . any money or other thing of value" to employees or labor organizations." *See* 29 U.S.C. §186.[2]

Here, except for speculative and vague allusions to unspecified "favorable treatment" for Toole, plaintiff makes no allegation that Wegmans paid, loaned or delivered money, services or any tangible item of value directly to the Local. Indeed, plaintiff alleges the reverse: that Toole provided Wegmans with an intangible thing of value: confidential union information. Even assuming *arguendo* that such information was shared with Wegmans by Toole, plaintiff fails to explain how the provision of a thing of value *to* an employer by an unauthorized union employee acting outside of the scope of his union duties, rather than *by* an employer (or a person acting on an employer's behalf) *to* an employee or union, is violative of Section 302, or to describe any particular thing of value Toole might have received from Wegmans in return that would bring his

---

[2] Plaintiff concedes that monetary damages are unavailable under Section 302, and now seeks only declaratory and injunctive relief on this claim. (Dkt. #38, Plaintiff's Memorandum of Law at 23 n.2). *See* 29 U.S.C. §186(e).

alleged communications with Vantucci within the ambit of Section 302.  Plaintiff's Section 302 claims are dismissed.

## **CONCLUSION**

While the Amended Complaint presents a milieu of colorful characters and sordid disputes within the union on an operatic scale, it simply fails to plausibly allege claims that are actionable in this forum.  What we have here are internal union political squabbles.  For the foregoing reasons, defendants' motions to dismiss the amended complaint (as well as the complaint that preceded it) are (Dkt. #12, #14, #28, #31, and #32) are granted, and the amended complaint is dismissed in its entirety, with prejudice.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 23, 2014.